JOHN J. JORDAN, ESQ. (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA 94111
Tel:  (415) 391-4814
Fax: (415) 391-4308
jjordanesq@aol.com

Counsel for Defendant
LUCAS WILLIAM LAZAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LUCAS WILLIAM LAZAR, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> _____ ) | Nos.   CR 24-0204-CRB <br> CR 23-0246-CRB <br><br> **DEFENDANT'S SUPPLEMENTAL** <br> **SENTENCING MEMORANDUM** <br><br><br> Date:   August 6, 2025 <br> Time:   10:00 A.M. <br> HON.  CHARLES R. BREYER |

## I.  INTRODUCTION

The defendant, LUCAS WILLIAM LAZAR, through counsel of record, John J. Jordan, hereby files this supplemental sentencing memorandum, in support of the defendant's recommendation that the Court defer sentencing for both his 2024 indictment and his 2023 Form 12 petition, and place the defendant in the residential drug program at the NewBridge Foundation, as the Court attempted to do on September 18, 2024.  CR 17.  As the Court is aware, the defendant has struggled with a lifelong drug addiction problem, which will require further treatment no matter what sentence the Court imposes.

Alternatively, should the Court disagree, then the defendant asks the Court to sentence the defendant in Case No. 24-0204-CRB (the new indictment) to 12 months and a day incarceration,

Lazar Sent. Mem.                                1

three years supervised release with mandatory drug treatment, and a $100 special assessment, and a concurrent sentence on the Form 12 case, Case No. 23-0246-CRB.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The defendant originally pled guilty in 2023 with Possession with Intent to Distribute Methamphetamine and Cocaine on August 2, 2023.  While the defendant also possessed fentanyl, drug tests at the time were inconclusive, and the defendant was not charged with any fentanyl offense in the 2023 case.  He was then summarily sentenced to time-served.  2023 CR 20.

However, on January 25, 2024, the defendant was arrested on new charges and transferred to federal custody.  2023 CR 28; 2024 CR 4.

On January 26, 2024, the defendant was charged in an amended Form 12 violation with 4 charges: failure to report (charge one); possessing drugs for sale on November 24, 2023 (charges two and three); and violating the Tenderloin stay away order (charge four).  2023 CR 30.

On April 10, 2024, the defendant was indicted in the 2024 case for the fentanyl he also possessed back on August 2, 2023.  2024 CR 2.

On May 31, 2024, the defendant pled guilty to the sole count in the 2024 Indictment and admitted to Charges 1 through 4 in the 2023 Amended Form 12 Petition.

On September 18, 2024, the defendant appeared for sentencing on both cases.  Rather than sentence the defendant, the Court referred him for placement in the NewBridge Foundation residential drug treatment program.  2024 CR 17.

But things did no go according to plan.  In summary, a San Francisco County hold on an old case prevented his release to NewBridge and he went into state custody.  He was eventually released by the state court to another program, HealthRite 360, but was discharged, for reasons that are still unclear, at least to the defense, and placed on the streets without placement in a new program.

This Court then issued a warrant, and counsel is informed that the defendant contacted, at least once, his federal bail officer to see about coming to federal court.

The defendant was then taken into state custody again on somewhat minor charges, and attempts were made to place him into another county program.  When that did not happen, the San Francisco court released him into this Court's custody.

### III.  GUIDELINES CALCULATION AND PROBATION'S RECOMMENDATION

In the 2024 case, the defendant's final offense level is Offense Level 21, criminal history III.  There is no mandatory minimum.  See 21 U.S.C. § 841(b)(1)(C).  This results in an advisory guideline range of 46 to 57 months.  The Probation Officer has recommended a sentence of 46 months.

In the 2023 case, the U.S.S.G. range is 24-30 months, with a statutory maximum of 24 months.  2023 CR 30.

### IV.  DEFENDANT'S ARGUMENT AND SENTENCING RECOMMENDATION

The defendant recommends that the Court defer sentencing for both his 2024 indictment and his 2023 Form 12 petition, and place the defendant in the residential drug program at the NewBridge Foundation, as the Court attempted to do on September 18, 2024.  CR 17.

The defendant submits that such placement is still the right disposition for this case. While the defendant was asked to leave HealthRite 360 after his placement there, defense counsel has never been provided with discovery of the underlying actions that led to his being asked to leave.  The defendant informs counsel that he was wrongfully asked to leave, and essentially thrust out on the street on a Saturday, with only a referral to a county clearing center for eventual placement in some new program.  The defendant informs counsel he went to this facility, but was only told no placement was available and he should come back at a later date.

The defendant then took some steps to get back into federal court, calling undersigned counsel and his bail officer.  The defendant was detained at some point by Muni police, but those charges were dropped.  PSR ¶ 43.

The defense submits that the Court's original idea was correct, to place the defendant in a residential program, with the understanding that he must earn a chance at avoiding prison.  Mr.

Lazar Sent. Mem.                                      3

Lazar has had a strong addiction for years, and needs treatment to try and break this unfortunate cycle of drug use leading to criminal charges.

Alternatively, should the Court disagree, then the defendant asks the Court to sentence the defendant in Case No. 24-0204-CRB to 12 months and a day incarceration, three years supervised release with mandatory drug treatment, and a $100 special assessment, with concurrent time on the related Form 12 case, Case No. 23-0246-CRB.

<strong>CONCLUSION</strong>

The defendant asks this Court to defer prosecution and place the defendant into the NewBridge Foundation residential drug program.

DATED: July 29, 2025.                    Respectfully submitted,


*/s/ John J. Jordan*
JOHN J. JORDAN

Lazar Sent. Mem.                                        4